IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JANIE DOE,

    **Plaintiff,**

v.                                             Civil Action No. 3:24cv493

HANOVER COUNTY SCHOOL BOARD,
*et al.*,

    **Defendants.**

## ORDER

This matter comes before the Court *sua sponte*. On July 3, 2024, Plaintiff Janie Doe filed, *inter alia*, a Complaint, (ECF No. 1), and a Motion for Preliminary Injunction (the "Motion"), (ECF No. 13). On July 11, 2024, after consultation with the parties, the Court entered an Order setting the briefing schedule and hearing date for the Motion. (ECF No. 30.) The Court scheduled the hearing to occur on August 6, 2024. (ECF No. 30, at 1.) On July 22, 2024, Defendants timely filed their opposition to the Motion. (ECF No. 34.) On July 29, 2024, Janie Doe timely filed her reply. (ECF No. 50.)

In their response, in addition to addressing the merits of the Motion, Defendants raise preliminary issues of standing and ripeness. (ECF No. 34, at 1, 4–7.) Defendants note that on July 9, 2024, the Hanover County School Board (the "Board") discussed Janie Doe's application to try out for the girls' tennis team but deferred its decision on the issue. (ECF No. 34, at 4.) Defendants did not offer an explanation for the deferral. The Board's next meeting is scheduled to occur on August 13, 2024, and Defendants represent that the "Board will *likely* decide at that time whether Plaintiff will be permitted to try out for the girls' tennis team." (ECF No. 34, at 4 (emphasis added).) Tryouts for the girls' tennis team at Janie Doe's middle school are scheduled

to begin on August 26, 2024. (ECF No. 34, at 5.) Defendants argue that, because the Board declined to decide on Janie Doe's application at the July 9, 2024 meeting as scheduled, she has not experienced an injury in fact and her claim "rests on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (ECF No. 34, at 7 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation marks and internal citation omitted)).) Accordingly, they ask the Court to deny Plaintiff's requested relief. (ECF No. 34, at 1.)

In her reply, Janie counters that she currently has standing to seek the preliminary injunction and that her claims are ripe for review. (ECF No. 50, at 8–14.) Janie further asserts that "Defendants cannot evade judicial review by opportunistically asserting incongruous positions—that is, feigning the possibility of a 'reasonable modification' while simultaneously arguing that Janie is not entitled to such relief." (ECF No. 50, at 8.) Janie identifies an apparent incongruity between Defendants' position regarding ripeness—i.e., that her claim is not ripe because the policy permits modification where required by law—and their position on the merits of the preliminary injunction motion—i.e., that the law does not require any modification of the policy in Janie's case. (ECF No. 50, at 5–6.)

This Court will not permit parties to manufacture justiciability challenges. However, in order to afford the Board a second opportunity to decide on Janie's request, the Court hereby RESCHEDULES the hearing on the Motion for Preliminary Injunction to occur on August 14, 2024, at 10:00 a.m. in Courtroom 6100, so that the Court can hear argument on the Motion knowing the outcome of the August 13, 2024 Board meeting.

The Court ADVISES the parties that a declination to decide the issue at the August 13, 2024 Board meeting will likely have to be construed as a denial. This Court will resolve the preliminary injunction in advance of tennis tryouts on August 26, 2024.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

Date: 07/30/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge