

# HANOVER COUNTY PUBLIC SCHOOLS

200 Berkley Street
Ashland, Virginia 23005-1399
Phone: (804) 365-4500
Fax: (804) 365-4680

TTY: (804) 798-7571

www.hcps.us
hanover@hcps.us

August 13, 2024

By email

Re:     Request for Participation on ████ Girls' Tennis Team

Dear ██████████

I am writing you in response to your request that your child be eligible to participate on the girls' tennis team at ██████████████████████ in the 2024-25 school year. At its meeting on August 13, 2024, the Hanover County School Board considered all provided materials in closed session prior to voting on the matter. After careful consideration, the School Board voted to **deny** your request that your child be eligible to try out for the middle school girls' tennis team.

The School Board's determination to deny your request is based on the following:

1. Section 22.1-23.3 of the Code of Virginia provides that the Virginia Department of Education shall develop model policies concerning the treatment of transgender students in public elementary and secondary schools and that every school board in Virginia "shall adopt policies that are consistent with but may be more comprehensive than the model policies developed by the Department of Education."

2. In July 2023, the Department of Education released the Model Policies of Ensuring Privacy, Dignity, and Respect for All Students and Parents in Virginia's Public Schools ("the Model Policies"). Appendix I, Section III, H of the Model Policies provides:

    > For any athletic program or activity that is separated by sex, the appropriate participation of students shall be determined by sex rather than gender or gender identity. [School Division] shall provide reasonable modifications to this policy only to the extent required by law.

    Earlier in the Model Policies, the term "sex" is defined to mean "biological sex."

3. In November 2023, the School Board updated Policy 7-4.1, related to extracurricular activities, to conform to the Model Policies as required by state law. Policy 7-4.1 provides, in part,

> For any school programs, events, or activities (including extracurricular activities) that are separated by biological sex, the appropriate participation of students will be determined by biological sex rather than gender or gender identity. Overnight travel accommodations and other intimate spaces used for school-related activities and events will be arranged based upon the biological sex of the participants. Reasonable modifications to this policy will be permitted only to the extent required by law.

Policy 7-4.1 goes on to state that, for athletics,

> Interscholastic athletic activities will be conducted in accordance with the rules of the Virginia High School League as approved by the School Board, subject to the provision detailed above regarding programs, events and activities where participants are to be separated by biological sex.

4. In accordance with the requirements of the Model Policies and Policy 7-4.1, the School Board first determined that middle school tennis is an athletic extracurricular activity that, while all students may participate, is separated by sex. In accordance with the requirements of Section 22.1-23.3 of the Code of Virginia, the Model Policies, and Policy 7-4.1, the determining factor for eligibility is, therefore, biological sex, with the provision that reasonable modifications that are required by law shall be considered.

5. The School Board then discussed whether your child—who (i) was born male, (ii) has been diagnosed with gender dysphoria, (iii) has been under the care of medical professionals who have taken steps to reduce or prevent the onset of puberty and hormonal changes in your child, (iv) has obtained a Virginia-issued birth certificate indicating your child's sex is "female," and (v) is largely known, to teachers, staff, and students, as female—is required by law to be eligible to participate on the middle school girls' tennis team. In considering whether current law requires that your child be eligible to participate, the School Board discussed and considered the following:

   a. In August 2023, the Attorney General of Virginia issued an official advisory opinion on the Model Policies. The Attorney General stated,

   > It is my opinion that the model policies comply with the Equal Protection Clause, Title IX, and the [Virginia Human Rights Act], and that pursuant to Code § 22.1-23.3, local school boards are required to adopt policies that are consistent with them.

Letter re: Participation Request
Page 3 of 4
August 13, 2024

To the School Board's knowledge, this Opinion remains in effect, and no court—either a federal court or a Virginia court—has found that this Opinion or the Model Policies violate the Equal Protection Clause or Title IX.

b.  The decision issued by the Fourth Circuit in April 2024 in *B.P.J. v. West Virginia State Board of Education*. This decision, which considered a similar—though not identical—request for a student to participate in athletics based on the student's gender identity and not on the student's biological sex, found that the school division involved in that case was required by Title IX to allow the student to participate on the middle school girls' track team. The School Board discussed whether the facts of that case dictate that your child be eligible for the middle school girls' tennis team.

The School Board is also aware that a petition for a writ of certiorari has been filed with the Supreme Court of the United States in *B.P.J.*, which means that the decision may be affirmed, reversed, or modified in the future.

c.  Other ongoing lawsuits and regulatory actions, that leave open the question of whether Title IX requires school divisions to use gender identity, rather than biological sex, to determine eligibility for athletics:

- Federal regulations implementing Title IX provide that school divisions may "operate or sponsor separate teams for members of each sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport." To the School Board's knowledge, the principle of treating males and females differently based on physical differences has been upheld by the Supreme Court of the United States and no regulation or court decision indicates that when Title IX and its regulations were adopted, "sex" was intended to mean gender identity and not biological sex.

- Recent court decisions, including *Tennessee v. Cardona*, have concluded the argument that "sex" and "gender identity" are not interchangeable terms under Title IX is likely to succeed on the merits. It is the School Board's understanding that *Tennessee v. Cardona* granted an injunction preventing proposed changes to Title IX from going into effect in Virginia.

In light of these factors, the School Board determined that existing law does not require that your child be eligible to try out for the middle school girls' tennis team.

Until a court determines that Section 22.1-23.3 of the Code of Virginia, the Model Policies, or the Opinion of the Attorney General are invalid, the School Board is confronted with a

Letter re: Participation Request
Page 4 of 4
August 13, 2024

situation where state law requires that it adopt and implement the Model Policies. This is what the School Board has done.

The School Board understands that federal courts have concluded that other states' laws regarding eligibility for athletics based on biological sex may violate the Equal Protection Clause and Title IX. The School Board believes that there are differences between those cases and this situation. The School Board further believes that until the U.S. Department of Education or federal courts clearly state that Title IX's purpose was *not* to ensure those born biologically female have an equal opportunity as those born biologically male, or that the historical use and understanding of the term "sex" to mean biological sex is no longer valid, it is not in a position to determine otherwise.

The School Board has been tasked with adopting and applying policies dictated by others—the U.S. Department of Education, federal courts, the Virginia General Assembly, the Virginia Department of Education, or the Attorney General of Virginia. Until there is clear guidance, and uniform agreement, the School Board must do the best it can to apply these inconsistent and, at times conflicting, policies.

The School Board is aware that its decision today will have an impact on your child's ability to try out for a school sports team. This decision was not easy, and the School Board hopes that this letter explains to you, and others, the School Board's decision and how it considered all relevant factual and legal information.

As a result of its decision on your child's eligibility, the School Board did not consider the use of the girls' locker room as part of tennis team activities.

All of the materials that were discussed during the closed session will be destroyed, other than one copy which is being retained by legal counsel should it be needed in the future.

Sincerely,

Robert J. May
Chairman, Hanover County School Board

cc:    Principal, █████████████