IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JANIE DOE,** *by her next friends and parents,*
*JILL DOE and JOHN DOE,*

      **Plaintiff,**

            **Civil Action No. 3:24cv493**

  **v.**

**HANOVER COUNTY SCHOOL BOARD,**

      **Defendant.**

## ORDER

This matter comes before the Court on two motions: (1) Plaintiff Janie Doe's Motion to Voluntarily Dismiss and (2) the parties' Joint Motion to Stay the Deadline for Plaintiff to File a Motion for Attorneys' Fees ("Joint Motion"). (ECF Nos. 77, 76.) In her Motion to Voluntarily Dismiss, Plaintiff "submits this Motion [] under Rule 41(a)(2) of the Federal Rules of Civil Procedure."[1] (ECF No. 77, at 1.) She states that "Janie is no longer enrolled in Hanover County Public Schools due to ongoing harassment and concerns about her safety", and that "[t]he counts in her complaint are therefore moot." (ECF No. 7, at 1.) Plaintiff represents that Defendant Hanover County School Board "consents to this Motion only as to the relief requested." (ECF No. 77, at 1.)

---

[1] Federal Rule of Civil Procedure 41(a)(2) states, in relevant part:

> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

In their Joint Motion, parties represent that "Plaintiff intends to file a motion for an award of reasonable attorneys' fees under 42 U.S.C. § 1988(b)." (ECF No. 76, at 1.) They "request this Court stay the deadline for Plaintiff to file a Motion for Attorneys' Fees" because "a case currently pending in the United States Supreme Court directly implicates the availability of attorneys' fees here[.]" (ECF No. 76, at 1.) In support of the Motion, parties explain that the Supreme Court's ruling in "*Lackey v. Stinnie*, 144 S.Ct. 1390 (2024)", "may determine whether, and under what circumstances, Plaintiff may obtain an award of attorneys' fees" and that as a result, "staying the deadline for Plaintiff's motion will preserve the parties' and the Court's time and resources." (ECF No. 76, at 2.) Parties request that the Court stay Plaintiff's deadline to file a motion for attorneys' fees until 14 days after "the Supreme Court has issued its written opinion in *Lackey v. Stinnie*." (ECF No. 76, at 2.)

Upon due consideration, the Court GRANTS Plaintiff's Motion to Voluntarily Dismiss. (ECF No. 77.) Accordingly, the Court DISMISSES Plaintiff's Complaint in its entirety without prejudice. (ECF No. 1.) The Court further GRANTS the parties' Joint Motion. (ECF No. 76.) The Court ORDERS parties to file a notice no later than three calendar days after the Supreme Court issues its written opinion in *Lackey v. Stinnie*. Plaintiff's Motion for Attorneys' Fees SHALL be filed no later than fourteen (14) days after the date of notice.

The Court DIRECTS the Clerk to cancel the Initial Pretrial Conference scheduled for November 19, 2024.

It is SO ORDERED.

Date: 11/15/24
Richmond, Virginia

/s/

M. Hannah Lauck
United States District Judge